# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PATRICK JOSEPH TURNER, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 05-4206** |
| | | **CONSOLIDATED CASE** |
| **MURPHY OIL USA, INC.** | * | **SECTION "L" (2)** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO CASE 06-9974**

## ORDER AND REASONS

Before the Court is Plaintiffs Chris and Vicki Holmes' Motion to Remand and For the Imposition of Fees and Costs (the "Motion") (Rec. Doc. No. 1783).  After reviewing the briefs, hearing the parties argument and considering the law, for the following reasons the motion is GRANTED IN PART.

**I.     Factual and Procedural Background**

This case arises out of an oil spill at Defendant Murphy Oil USA, Inc.'s ("Murphy") refinery located in Meraux, Louisiana, caused by Hurricane Katrina.  The Plaintiffs filed suit against Murphy, United States Environmental Services, LLC ("USES"), Industrial Cleanup, Inc. ("Industrial"), Speed Industrial Services ("Speed") and Environmental Equipment, Inc. ("Environmental") in the Thirty-Fourth Judicial District Court, Parish of St. Bernard, on August 28, 2006.  Plaintiffs alleged two causes of action:  (1) property damage as a result of the oil spill, and (2) subsequent property damage allegedly caused during remediation work on properties adjacent to the Plaintiffs' property.

Murphy removed the action to this Court on November 15, 2006, based on the alleged

improper joinder of USES and Industrial.[1]  On November 15, 2007, Murphy filed an ex parte

motion to stay the Plaintiffs' case, and the Court granted the motion on November 16, 2007

(Rec. Doc. 891).  The Court lifted the stay on the Plaintiffs' case (as well as all related cases) on

June 14, 2007 (Rec. Doc. 1766).   Once the stay was lifted, Plaintiffs filed the Motion.

## II.    The Motion

In support of the Motion, Plaintiffs make two arguments.  First, that Murphy's removal of

this action from state court was improper because the case was stayed.  Second, Plaintiffs argue

that USES and Industrial are properly joined and, as a result, complete diversity is lacking.

Plaintiffs have asserted a claim against USES and Industrial arising from the alleged damage to a

metal fence that is wholly owned by the Plaintiffs and that oil and other toxic materials were

allowed to enter Plaintiffs' property.  This occurred, according to the Plaintiffs, when USES and

Industrial cleaned properties that neighbor the Plaintiffs' property.

In response Murphy argues that with respect to Plaintiffs' cause of action for damages as

a result of the oil spill, Plaintiffs do not have a cognizable claim against USES and/or Industrial.

Murphy argues that USES and Industrial were contracted after Hurricane Katrina and cannot be

held liable for the Hurricane related oil spill.  With respect to Plaintiffs' cause of action for

damages caused during the remediation process, Murphy argues that, while Plaintiffs may have

causes of action against USES and Industrial, the Court should retain jurisdiction pursuant to

Section XIII(2) of the Settlement Agreement.  Additionally, Murphy argues that the Settlement

Agreement retains jurisdiction for the Court over issues dealing with remediation of the class

area.

Plaintiffs sought leave from the Court and have filed a reply memorandum.  First,

---

[1]      By Order of the Court, Plaintiffs' claims against both Environmental and Speed
have been dismissed with prejudice.

Plaintiffs argue that, under both Louisiana and federal law, it was proper to join both causes of action in one suit because there is a "community of interest" between the joined parties. Second, Plaintiffs state that they have opted out of the Settlement Agreement and that Murphy is incorrect that the Court's continued supervision and jurisdiction over the remediation efforts somehow creates jurisdiction over the Plaintiffs' claims.

Industrial also sought leave from the Court to file an opposition that was otherwise untimely (Rec. Doc. 1902); the Court granted Industrial's request. Industrial argues that there are no allegations that would provide a basis for a claim against Industrial. Additionally, Industrial argues that, under Louisiana law, Industrial is immune from liability.

In response to Industrial's opposition, the Plaintiffs argue that Industrial failed to join Murphy's removal and pursuant to the "rule of unanimity" the case must be remanded. Second, Plaintiffs argue that Industrial and USES were served more than 30 days prior to Murphy's motion for removal and therefore, removal in this case was untimely. Third, Plaintiffs argue that Industrial and USES are not immune under La. Rev. Stat. § 30:2466 because they have asserted claims of personal injury and that their damages were the result of gross negligence and intentional conduct.

Industrial, in response to Plaintiffs, argues that Plaintiffs have failed to allege any personal injury or illness in their complaint, not do they allege any personal injury or illness in their affidavits. Under Louisiana law, according to Industrial, a plaintiff cannot recover if the defendant's conduct is merely negligent and only causes mental disturbance. With respect to Plaintiffs' argument that they have alleged gross negligence and willful misconduct, Industrial argues that the Plaintiff has failed to allege willful misconduct against Industrial.

### III.    Law and Analysis

The federal removal statute, 28 U.S.C. § 1441(a), allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  Subsection (b) specifies that suits arising under federal law are removable without regard to the citizenship of the parties; all other suits are removable "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added).  This Court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been improperly or collusively joined to manufacture federal diversity jurisdiction.  *See* 28 U.S.C. § 1359.

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party.  *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

"The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by the removing party.  *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).  The removing party can satisfy its heavy burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts."  *B., Inc.*

*v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981); *see also Ross v. Citifinancial, Inc.*, 344

F.3d 458, 461 (5th Cir. 2003).  However, "[i]f there is arguably a reasonable basis for predicting

that the state law might impose liability on the facts involved, then there is no fraudulent joinder.

This possibility . . . must be reasonable not merely theoretical."  *Great Plains Trust Co. v.*

*Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill.*

*Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

**A.      Can Plaintiffs Establish  a Cause of Action Against Industrial and USES?**

Neither Murphy nor Industrial argue that there is actual fraud in the pleadings, and this

case was removed based on the argument that Industrial and USES were improperly joined.

Industrial, however, argues that the Plaintiffs cannot establish a cause of action against the non-

diverse defendants because they are immune under Louisiana law.  Louisiana Rev. Stat. §

30:2466 provides in pertinent part:

> Notwithstanding any other provision of law, *and except for the responsible person, no person, including any discharge cleanup organization*, that voluntarily, pursuant to or consistent with the national contingency plan or the state oil spill contingency plan, or pursuant to or consistent with any response plan required under this Chapter, or pursuant to or consistent with the request or direction of an authorized federal or state official, or pursuant to or consistent with the request of the potentially responsible person, *renders care, assistance, or advice in abating, containing, removing, cleaning up, or otherwise responding to pollution from an unauthorized discharge or threat of discharge of oil or refined petroleum products is liable for removal costs, damages, or civil penalties*, whether under this Chapter or other laws of this state, resulting from acts or omissions committed in rendering such care, assistance, or advice.  *This Section shall not apply to actions for personal injury or wrongful death or for acts or omissions of gross negligence or willful misconduct*.  A party responsible for the initial damage is liable for any removal costs or damages for which another person is relieved under this Subsection.

La. Rev. Stat. § 30:2466 (emphasis added).

Plaintiffs argue that they have alleged causes of action for personal injury, specifically, they have alleged that they have sustained damages for past, present and future mental anguish and emotional distress, fear of disease and past, present and future pain and suffering. As a result, according to the Plaintiffs, La. Rev. Stat. § 30:2466 does not protect Industrial and USES. Plaintiffs also argue that they have brought claims based on gross negligence and willful misconduct.

La. Rev. Stat. §30:2466 has been cited in only two opinions. First, in *Leboeuf v. Texaco*, plaintiffs filed suit in state court alleging damages as a result of an oil spill on Lake Barre; the plaintiffs sued Texaco as well as the environmental clean-up agencies hired by Texaco. 9 F. Supp. 2d 661, 662 (E.D. La. 1998). Defendants removed the action to federal court, and considering plaintiffs' motion to remand, the court remanded the cases to state court holding that defendants failed to establish that there was no possibility that the plaintiffs could establish a cause of action against the clean-up companies. *Id.* The court stated that "this court found that La.R.S. 30:2466 is not an absolute liability and that plaintiffs alleged numerous claims of negligence. Whether they will prevail under the 'gross negligence' standard imposed by La.R.S. 30:2466 was not for this Court to decide at that time." *Id.*

Second, in *Calliout Land Corp. v. Chevron Pipe Line Co.*, plaintiffs sued alleging damage to its property and vegetation as a result of an oil spill at Fourchon Terminal caused by Hurricane Katrina. 2007 WL 1991531, *1 (E.D. La. July 3, 2007) (Fallon, J.). Plaintiffs, in addition to suing multiple Chevron entities, sued the companies Chevron retained to assist it in cleaning-up the oil spill. *Id.* The Court held that the clean-up companies were immune as a result of La. Rev. Stat. 30:2466. *Id.* at *3. The complaint did not assert any allegations of gross negligence, willful misconduct or personal injury against the clean-up companies, and it was

only in plaintiffs' reply to the opposition did it argue that the clean-up companies were guilty of gross negligence or willful misconduct.  *Id.*   The Court held that there was not a reasonable possibility that plaintiffs could recover from the immunized clean-up contractors.  *Id.* at *4.

Based on the facts here, it appears that this case is closer to *Leboeuf* than to *Calliout*, and, therefore, that remand would be appropriate.  However, Industrial argues that the Plaintiffs have not sufficently alleged either personal injury or gross negligence and willful misconduct.  First, with respect to Plaintiffs' alleged personal injury, Plaintiffs have alleged that they have sustained damages for past, present and future mental anguish and emotional distress, fear of disease and past, present and future pain and suffering.  Industrial argues that, under Louisiana law, a defendant is not liable when its negligent conduct causes only emotional injury.

In *Morsei v. State Dept. of Wildlife & Fisheries*, the Louisiana Supreme Court held that, absent special circumstances, a defendant will generally not be held liable where its conduct was negligent and causes only emotional injury unaccompanied by physical injury.  567 So.2d 1081, 1096 (La. 1990).  In order for a plaintiff to recover, he must show "the especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious." *Id.*  In applying this test, the Louisiana Supreme Court stated that "we must review the record *de novo* to determine whether plaintiffs proved they are entitled to emotional distress damages." *Bonnette v. Conoco, Inc.*, 837 So.2d 1219, 1235 (La. 2005).  Thus, this appears to be something that must be proved at trial, and not decided at this stage.  As stated above, the Court is required to resolve all disputed questions of fact in the Plaintiffs' favor, and, without further factual development, it appears too early to state that there is no possibility of recovery against Industrial.  Accordingly, the Court believes that neither

Industrial nor USES were improperly joined.

Plaintiffs also argue that remand is appropriate because not all of the Defendants consented to the removal of this case, and that Murphy failed to timely remove the case to federal court.  Having determined that Industrial and USES were not improperly joined, an analysis of these issues is unneccessary.

### B.      Did the Plaintiffs Improperly Join Different Causes of Action?

Murphy argues that the Plaintiff asserts two causes of action which can be severed, and, at a minimum, the Plaintiffs' claims against Murphy with respect to the initial oil spill should remain in federal court.  Essentially, Murphy appears to argue that the Court should rely on the third type of improper joinder identified in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000), in finding that the Plaintiffs improperly joined their claims.   Plaintiff contends that under Louisiana law they have properly joined both causes of action in one suit because there is a "community of interest" between the joined parties, and as a result, remand is appropriate.

In *Tapscott*, the Eleventh Circuit recognized a third type of fraudulent joinder in addition to showing actual fraud in the pleading jurisdictional facts and the inability of the plaintiff to establish a cause of action against the non-diverse defendant.  344 F.3d at 1360.  The Eleventh Circuit held that the "egregious" misjoinder of parties that have no real connection to each other, as opposed to "mere" misjoinder, can constitute improper joinder.  *Id.*

This doctrine has been criticized by some district courts.  These courts have critizied *Tapscott* as being unspported by Supreme Court precedent, contrary to the narrow construction that is to be given to removal statutes, and that it simply adds an additional lawyer of complexity

to federal court procedure.  *See, e.g., Bird v. Carteret Mortg. Corp.*, 2007 WL 43551, *4 (S.D.

Ohio Jan. 5, 2007) ("It is valid to observe that the fraudulent mis-joinder doctrine, which does

not appear in case law prior to 1996, may well be inconsistent with the intent of Congress to

narrow the scope of removal jurisdiction by amending § 1441(c) to restrict application to cases

involving questions of federal law."); *Bavone v. Eli Lilly & Co.*, 2006 WL 1096280, *3 (S.D. Ill.

Apr. 25, 2006) ("Nothing in the jurisprudence of the Supreme Court of the United States

regarding fraudulent joinder suggests that the joinder of non-fraudulent claims under state

procedural rules is a question that implicates the subject matter jurisdiction of a federal court.");

*Osborn v. Metro. Life Ins. Co.*, 341 F. Supp. 2d 1123, 1127 (E.D. Cal. 2004) ("My own

judgment is that the last thing the federal courts need is more procedural complexity.").

      The Fifth Circuit has yet to explicitly adopt *Tapscott* and its third type of improper

joinder.  However, as thoroughly explained by the court in *Accardo v. Lafayette Ins. Co.*, the

Fifth Circuit has appeared to adopt the *Tapscott* doctrine in *In re Benjamin Moore & Co.* and

*Crockett v. R.J. Reynolds Tobacco Co.*  2007 WL 325368, *2-*4 (E.D. La. Jan. 30, 2007).  The

Court agrees with the discussion in *Accardo* and finds that the Fifth Circuit has adopted

*Tapscott*.      Initially, the Court must determine which procedural rules apply in determining

whether the Plaintiffs have properly joined both of their causes of action in one suit.  The

Plaintiffs argue that Louisiana's procedural rules apply, and, if Louisiana's procedural rules do

not apply, the Plaintiffs' joinder of these claims is proper nonetheless under Federal Rule of

Civil Procedure 20.  Neither Murphy nor Industrial took a position on the issue.  Courts within

this district have taken two views of this issue.  First, courts have held that state procedural rules

apply.  *See Accardo*, 2007 WL 325368 at *4.  Second, courts have declined to determine whether

state or federal joinder law applied because Rule 20 and Article 463 of the Louisiana Code of

Civil Procedure are so similar that the application of either rule would not affect the outcome. *See Defourneaux v. Metro. Prop. & Cas. Ins. Co.*, 2006 WL 2524165, *1 (E.D. La. Aug. 30, 2006);[2] *see also Asher v. Minn. Mining & Mfg. Co.*, 2005 WL 1593941, *7 (E.D. Ky. June 30, 2005) (decling to determine whether state or federal joinder law applied because of similarity between state and federal law).

The majority of courts that have addressed this issue have held that state joinder law, rather than federal joinder law, should apply. *See Federal Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 381 (S.D.N.Y. 2006) (compiling federal cases). This is so because the plaintiffs bring their actions in state court and were required to follow state court joinder rules when they initially file suit, and therefore, state joinder rules are the relevant ones to use when determining the propriety of a party's joinder of claims after the case has been removed to federal court. *See In re Diet Drugs*, 294 F. Supp. 2d 667, 673-74 (E.D. Pa. 2003). Courts have also stated that applying state joinder rules is consistent with the heightened sensitivity to federalism concerns that permeates the law of removal. *Federal Ins. Co.*, 422 F. Supp. 2d at 382 (*quoting Osborne*, 341 F. Supp. 2d at 1128). Accordingly, the Court finds that the application of Louisiana's joinder rules is appropriate.

Article 463 of the Louisiana Code of Civil Procedure states:

> Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
>
> (1) There is a community of interest between the parties joined;
>
> (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and

---

[2] To note, *Defourneaux* was decided in the context of whether the court should sever the plaintiffs' claim and not in the context of whether *Tapscott* required that the case be remanded. 2006 WL 2524165 at *1.

(3)  All of the actions cumulated are mutually consistent and
employ the same form of procedure.

La. Code Civ. P art. 463.  A "community of interest is present between different actions or parties, where enough factual overlap is present between the cases to make it commonsensical to litigate them together."  *Mauberret-Lavie v. Lavie*, 850 So.2d 1, 2 (La. Ct. App. 2003).

In *Miller v. Commercial Union Cos.*, the Louisiana Court of Appeals held that a plaintiff properly joined different causes of action against different defendants because "[a]lthough the potential liability of the three ... defendants is based on three spearate causes of action, the facts relating to each separate incident and transaction will necessarily be considered in determining the respective liabilites."  305 So.2d 560, 562-63 (La. Ct. App. 1974).  The central issue in the suit, according to the court, was "to determine which defendant was responsible for what part of the damage."  *Id.*

The Court finds that there is sufficient overlap between the Plaintiffs' claims agaisnt Murphy, Industrial and USES so that this case does not constitute the egrigous misjoinder of claims under Louisiana law.  There is a question of which defendant is responsible for what part of the damage to the Plaintiffs' property.  While it is possible that this is a case of "mere misjoinder," it certainly does not rise to the level of egrigous misjoinder required by *Tapscott.*

-11-

**IV.  Conclusion**

Accordingly, IT IS ORDERED that Plaintiffs Chris and Vicki Holmes' Motion to

Remand and For the Imposition of Fees and Costs is GRANTED IN PART and this matter is

hereby REMANDED to the Thirty-Fourth Judicial District Court, Parish of St. Bernard, State of

Louisiana.  However, Plaintiffs' request for attorneys' fees and costs is DENIED.


New Orleans, Louisiana, this <u>20th</u> day of August, 2007.


                                        UNITED STATES DISTRICT JUDGE